UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| PRESTON AVERY, ET AL., | ) | Case No.: 11-CV-04456-LHK |
| | ) | |
| Plaintiffs, | ) | ORDER SOLICITING SUPPLEMENTAL |
| v. | ) | BRIEFING, SOLICITING AN |
| | ) | AFFADAVIT SUPPORTING |
| COUNTY OF SANTA CLARA, ET AL., | ) | DEFENDANTS' REQUEST FOR |
| | ) | JUDICIAL NOTICE, AND |
| Defendants. | ) | CONTINUING MOTION HEARING |
| | ) | AND CASE MANAGEMENT |
| | ) | CONFERENCE |
| | ) | |

Plaintiff's Motion for Summary Judgment is currently set for hearing on September 13, 2012 at 1:30 p.m.  *See* ECF No. 27.  A case management conference is scheduled for the same date.  Having reviewed the moving papers, the Court finds that it is appropriate to solicit further briefing on several topics. In light of the need for supplemental briefing, the Court hereby CONTINUES the September 13, 2012 hearing on Defendants' Motion for Summary Judgment and case management conference to September 27, 2012 at 1:30 p.m.

As an initial matter, the Court finds that further briefing is required regarding the total amount of the accumulated fines and whether those fines are continuing to accumulate.  Plaintiffs contend that the administrative fines imposed by the County have continued to accrue since the Superior Court entered its judgment in February 2010, and that the fines now total more than $1.2

United States District Court
For the Northern District of California

1    million.   *See* ECF No. 33 ("Opposition") at 1; Declaration of Preston Avery in Opposition to

2    Motion for Summary Judgment, ECF No. 35 ("Avery Declaration"), ¶ 32.   However, in his

3    declaration, Plaintiff Preston Avery states that the "the accumulated material [was] removed from

4    my property" by mid-April 2010; thus suggesting the violations have been abated.   Avery Decl., ¶

5    28.   If this is the case, the Court would like to know why Mr. Avery contends the fines have

6    continued to accumulate.   Defendants' briefs do not address the total amount of the accumulated

7    fines, nor do Defendants state whether they contend that the fines are continuing to accumulate.

8    Accordingly, the Court concludes that supplemental briefing is warranted as to this topic.

9          The Court also requests supplemental briefing regarding whether the total amount of the

10   accumulated fines is relevant in determining whether the doctrines of *res judicata* (claim

11   preclusion) and collateral estoppel (issue preclusion) apply in this case.   With respect to claim

12   preclusion, the Court notes that when the Superior Court entered its judgment on February 22,

13   2010 ("Superior Court Judgment"), the fines would have been approximately $74,800.   However,

14   now the fines allegedly total more than $1.2 million.   The Court finds that the parties have not

15   addressed the issue of whether, given the purported increase in the total amount of the accumulated

16   fines, Plaintiffs' 'claim' is the same now as it was when the Superior Court rendered its judgment.

17   Similarly, the Court finds that the parties have not adequately addressed the issue of whether, in

18   light of the increased amount of the accrued fines, Plaintiffs are precluded from arguing that the

19   fines constitute an excessive fine and a taking under the United States and California Constitutions.

20         The Court additionally finds supplemental briefing is necessary regarding the issue of

21   whether a fine may be unconstitutional under the Eighth Amendment as applied to Plaintiffs, even

22   though it is not unconstitutional on its face.   The case cited by Plaintiffs, *United States v.*

23   *Bajakajian*, 524 U.S. 321 (1998), does not distinguish between 'as applied' and 'facial' challenges

24   to the constitutionality of a fine under the Eighth Amendment.   To the extent Plaintiffs have

25   authority for the proposition that a statute imposing a fine may be constitutional on its face, but

26   unconstitutional as applied to a particular individual, Plaintiffs are directed to provide citations for

27   such authority.   To the extent Defendants have authority for the opposite proposition, Defendants

28

2

United States District Court
For the Northern District of California

are directed to provide it.  The parties should focus on cases discussing the Eighth Amendment of the <u>United States</u> Constitution, as opposed to cases that focus on the corresponding provisions of the California Constitution.

Finally, the Court finds that the parties have failed to adequately address the issue of whether the Superior Court's Judgment is invalid.  Plaintiff contends that the Superior Court Judgment is invalid because: (1) the case was filed as a limited civil case, and (2) while the case was pending, the amount in controversy grew beyond the $25,000 jurisdictional limit for limited civil cases.  *See* Opposition at 14-16.  Plaintiffs have not, however, cited any cases in which the Court held that a Superior Court (which the Court notes has general, subject matter jurisdiction over both limited and unlimited civil cases) was divested of jurisdiction because the amount in controversy in a case originally categorized as a limited jurisdiction case grew to more than $25,000 while the case was pending (especially whereas here, the amount grew beyond the jurisdictional limit as a result of Plaintiffs' own failure to pay the accruing fines).  Defendants also have not cited any authority for the opposite conclusion.  Accordingly, the Court concludes that supplemental briefing is warranted as to this topic as well.

For the reasons set forth above, the each party is ORDERED to file further briefing.   The parties shall file their supplemental briefing no later than September 18, 2012.  Each party is limited to three (3) pages for its supplemental briefing.  In their supplemental briefing, the parties shall address the following topics:

1.    The total amount of the accumulated fines, including the method by which this amount was calculated;

2.    Whether Plaintiffs have abated any or all of the violations supporting the fines, including when each violation was abated;

3.    To the extent the total amount of the accumulated fines now exceeds the amount that was at issue when the Superior Court Judgment was entered, whether this fact precludes the application of the doctrines of *res judicata* and collateral estoppel;

3

Case No.:  11-CV-04456
ORDER SOLICITING SUPPLEMENTAL BRIEFING, SOLICITING AN AFFADAVIT SUPPORTING
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE, AND CONTINUING MOTION HEARING AND CASE
MANAGEMENT CONFERENCE

United States District Court
For the Northern District of California

4.   Whether the current amount of the accumulated fines provides a sufficient basis for an "as applied" (as opposed to a facial) challenge to the constitutionality of the fines under the Eighth Amendment the <u>United States</u> Constitution;

5.   Whether the Superior Court had jurisdiction to enter a judgment in Plaintiffs' case, in light of the fact that the amount in controversy exceeded $25,000.

Each party shall support its legal arguments, particularly those concerning topics 3, 4, and 5, with citation to relevant case law and authority.  Moreover, each party shall support its factual contentions with citations to appropriate evidence.  To the extent the parties need to file additional declarations addressing the amount of the accrued fines and whether the issues have been abated, they are each permitted to file one (1) such declaration.  The parties' declarations shall not exceed one (1) page not including exhibits.

Additionally, in Plaintiffs' Opposition, Plaintiffs object to Exhibits A and B to Defendants' Request for Judicial Notice (ECF No. 28) on the grounds that the documents are not properly authenticated.  Opposition at 5.  Defendants respond that the documents have been properly authenticated because Defendants included a copy of the Clerk's Certificate re: Clerk's Transcript.  ECF No. 41 at 2.  To allay any doubts concerning the authenticity of the documents, Defendants are hereby ORDERED to submit an affidavit from Defendants' counsel, or another appropriate individual, attesting that: (1) Exhibit A is a true and correct copy of excerpts from the Clerk's Transcript from *In the Matter of Preston Avery, et al.*, Case Number 1-09 CV 158251, Superior Court of California, County of Santa Clara, Civil Limited Division, and (2) Exhibit B is a true and correct copy of the Order in *In the Matter of Preston Avery, et al.*, Case No. 1-10-AP-000904, Superior Court of California, County of Santa Clara, Appellate Division, filed July 25, 2011.  Defendants' affidavit regarding the authenticity of the documents attached to Defendants' Request for Judicial Notice shall be filed no later than September 18, 2012 as well.

**IT IS SO ORDERED.**

Dated: September 12, 2012

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

4